**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 28, 2018
Decided July 29, 2019

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-1874

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 12-cr-30078 |
| CHARLES HOLLMAN, <br> *Defendant-Appellant*. | Sue E. Myerscough, <br> *Judge*. |

**O R D E R**

In 2013 Charles Hollman pleaded guilty to possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and the district court sentenced him to 63 months' imprisonment and imposed a seven-year term of supervised release. Shortly after his release, Hollman's probation officer found him once again in possession of child pornography. The district court found by a preponderance of the evidence that this new possession of child pornography violated the terms of his supervised release and warranted the imposition of the minimum five-year term of reimprisonment mandated by 18 U.S.C. § 3583(k). Hollman appealed his new term of reimprisonment, and we heard oral argument in September 2018.

In October 2018 the Supreme Court granted certiorari in *United States v. Haymond*, a case in which the Tenth Circuit had held § 3583(k) unconstitutional under the reasoning of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 570 U.S. 99 (2013). We stayed our consideration of Hollman's appeal pending the Court's decision in *Haymond*. The Court issued its opinion in *Haymond* in late June, affirming the Tenth Circuit and holding that the district court's reimprisonment of Haymond for the minimum term of five years required by § 3583(k) based only on a judicial finding of a supervised release violation under a preponderance standard offended the Fifth and Sixth Amendments. See *United States v. Haymond*, 139 S. Ct. 2369 (2019).

Consistent with our order staying this appeal, the parties have responded to *Haymond* by submitting a joint motion for remand. They agree that *Haymond* requires our vacating the district court's judgment revoking Hollman's supervised release. From there, however, the parties offer competing views on whether the district court's imposing the minimum five-year term of reimprisonment made mandatory by § 3583(k) was harmless in light of Hollman's having pleaded guilty in September 2018 to possessing child pornography—the same conduct on which the district court based its finding of the supervised release violation. The parties agree that the proper course is to remand to allow the district court to hear their competing positions and consider the proper application of *Haymond*.

We too agree and appreciate the parties conferring, coordinating, and submitting their joint motion for remand. Accordingly, we grant the motion and VACATE the district court's revocation judgment and REMAND for further proceedings.